Mr. Anthony Mondae Chairman Municipal Service District Ponte Vedra Beach Post Office Box 1323 Ponte Vedra Beach, Florida 32082
Dear Mr. Mondae:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 WHETHER THE GENERAL TORT LIABILITY OF AND MONEY DAMAGES RECOVERABLE FROM THE MUNICIPAL SERVICE DISTRICT OF PONTE VEDRA BEACH OR THE GOVERNING BOARD THEREOF IS CONTROLLED OR LIMITED BY s. 768.28, F.S.?
The Municipal Service District of Ponte Vedra Beach was created by Ch. 82-375, Laws of Florida. Pursuant to s. 2, Ch. 82-375, Laws of Florida, the expressed purpose of the district is "to provide services to the public of the district supplemental to those services provided by St. Johns County and in cooperation with the function of the County." The special act authorizes the district to, inter alia,: 1) sue and be sued; 2) contract; 3) adopt and use a seal; 4) purchase, hold, lease, sell or otherwise acquire and convey real and personal property and such interest therein as may be necessary and proper to carry out the purposes of the act; 5) make rules and regulations to govern its proceedings; 6) supplement the performance of certain specialized services and functions of the county within the district including: refuse collection and disposal; security, law enforcement, civil defense, emergency ambulance and rescue services; and parking restrictions and traffic control; 7) issue tax anticipation notes and revenue certificates secured by the anticipated revenues of the district; 8) levy and assess ad valorem taxes as provided in the act; and 9) fix and collect rates, fees and other charges for the specialized public functions or services which the act authorizes. Section 2(4)(a)-(g) and (i)-(k), Ch. 82-375, Laws of Florida. The Municipal Service District of Ponte Vedra Beach is authorized to levy and assess ad valorem taxes to pay the cost of the specialized public functions or services authorized by Ch. 82-375. Section 2(4)(j), Ch. 82-375, Laws of Florida. And see, s. 2(2)(a), Ch. 82-375, providing that the governing body of the district shall consist of a seven member board of district trustees to be appointed by the County Commission of St. Johns County and to hold office until the election and qualification of their successors; and s. 2(2)(b) which describes the terms of office for district trustees and requires that such officers reside and be qualified to vote in the district.
The Legislature, by enacting s. 768.28, F.S., as amended supra, has waived the state's immunity from tort liability to the extent provided therein. See, s. 768.28(1), F.S., which provides, in pertinent part, that:
 In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.
See also, s. 768.28(5), F.S., establishing the monetary limitations of the state's waiver.
Section 768.28(2), F.S., states that, for purposes of the act, "state agencies or subdivisions" include "the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities." Cf., s. 1.01(9), F.S., which defines "political subdivision" to include "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state." (e.s.) This office has previously concluded that a variety of special districts come within the definitional purview of s. 768.28(2), F.S. See, AGO 78-42 (legislatively established hospital district included within scope of s. 768.28); AGO 78-113 (water control district within purview of s. 768.28[2] and therefore, monetary limitations on tort liability established by s. 768.28[5] are applicable to district); AGO 78-145 (mosquito control district is a "state agency or subdivision" within the scope of s. 768.28, F.S.).
It appears that the Municipal Service District of Ponte Vedra Beach, established by the Legislature as a special taxing district with all the powers of a body corporate including the power to sue and be sued as a corporation, comes within the scope of s.768.28(2), F.S. See, Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346, 350
(Fla. 1919), wherein the Florida Supreme Court noted that the Everglades Drainage District, a special taxing district created with "all the powers of a body corporate" was a public quasi-corporation and, as such, "a governmental agency of the state for certain definite purposes, having such authority only as is delegated to it by law." Thus, with regard to tort actions brought against the Municipal Service District of Ponte Vedra Beach, the sovereign immunity of the district has been waived pursuant to s. 768.28(1), F.S., to the extent specified in s.768.28(5), F.S.
With respect to the liability of individual members of the districts, s. 768.28(9)(a) states that:
 No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . .
Section 768.28(9)(a), F.S., provides, inter alia, that the exclusive remedy for an injury or damages resulting from an act, event, or omission of an officer, employee or agent of the state or any of its subdivisions shall be the institution of an action against the governmental entity, or the head of such entity in his or her official capacity. However, if the act or omission complained of was committed in bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights, safety, or property, the state or its subdivisions shall not be liable in tort for such acts. Cf., AGO 84-87 (concluding, inter alia, that the officers, employees or agents of a hospital district are not personally liable in tort for injuries or damages suffered as a result of any act, event or omission of action in the scope of their employment or function; and that the exclusive remedy for any such injury or damages is by action against the hospital district or its governing board).
Therefore, it is my opinion that the general tort liability of the Municipal Service District of Ponte Vedra Beach or its governing board is controlled by s. 768.28, F.S., as amended supra, and the amount of money damages recoverable in tort against the district or its governing board is limited by the provisions of s.768.28(5), F.S. Further, except as otherwise provided in s.768.28(9)(a), F.S., the district trustees of the Municipal Service District of Ponte Vedra Beach are not personally liable in tort for injuries or damages suffered as a result of any act, event or omission of action within the scope of their employment or function, the exclusive remedy for such an injury being an action against the district or its governing board.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General